1  Edward R. Hugo [Bar No. 124839]
   James C. Parker [Bar No. 106149]
2  Thomas J. Moses [Bar No. 116002]
   BRYDON HUGO & PARKER
3  135 Main Street, 20th Floor
   San Francisco, CA 94105
4  Telephone: (415) 808-0300
   Facsimile: (415) 808-0333
5
   Attorneys for Defendant
6  FOSTER WHEELER LLC

7

8

9              UNITED STATES DISTRICT COURT

10        NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO

11

12  ALBERT WRIGHT, JR. and MARVA JOE        (ASBESTOS)
    GREEN WRIGHT,
13                                          U.S.D.C. No. _____
              Plaintiff(s),
14                                          San Francisco Superior Court Case No.
         vs.                                CGC-07-274382
15  A.W. CHESTERTON COMPANY, INC.,
    et al.
16                                          FOSTER WHEELER LLC'S NOTICE OF
              Defendants.                   REMOVAL
17

18

19

20  TO THE HONORABLE JUDGE OF UNITED STATES DISTRICT COURT:

21       Pursuant to Title 28 U.S.C. § 1442(a)(1) and 1446, Defendant Foster Wheeler, LLC

22  ("Foster Wheeler"), gives notice of removal of an action filed against it in the Superior

23  Court of the State of California, County of San Francisco, to the United States District

24  Court for the Northern District of California. In support, Foster Wheeler respectfully

25  offers the following:

26  **Preliminary Matters**

27       1.    On September 13, 2007, Plaintiffs filed this lawsuit, entitled *Albert Wright, Jr.*

28  *and Marva Joe Green Wright*, Case No. 07-274382 against Foster Wheeler and numerous

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

1

FOSTER WHEELER LLC'S NOTICE OF REMOVAL

1  other defendants in the Superior Court of the State of California, San Francisco County.

2  (See Summons and Complaint, attached hereto as Exhibit A.)

3  2. Plaintiffs served Foster Wheeler with Plaintiffs' Summons and Complaint

4  on or around September 28, 2007. The Complaint includes allegations that Albert Wright,

5  Jr. was injured as a result of exposure to asbestos while serving in the United States Navy

6  and aboard Navy ships. (Exhibit A.) More specifically, there are allegations of exposure

7  while working on, among other ships, the USS Constellation between 1973 and 1995. (*Id.*

8  at Exhibit A.)

9  3. Thus, this Notice of Removal is timely filed in that it is filed within thirty

10  (30) days after the first receipt by Foster Wheeler of Plaintiffs' initial pleadings from

11  which it ascertained that this case is removable. (28 U.S.C. § 1446(b).)

12  **Nature Of The Case**

13  4. The case is based on plaintiffs' allegations that Albert Wright, Jr.'s asbestos-

14  related disease, specifically lung cancer, was caused by his exposure to asbestos dust

15  and/or fibers.

16  5. Plaintiffs assert failure to warn claims along with strict liability and

17  negligence claims against Foster Wheeler and the other defendants based on various

18  theories.

19  **Grounds For Removal**

20  6. This Notice of Removal is filed within thirty (30) days of Plaintiffs' service

21  of the Summons and Complaint. (28 U.S.C. § 1446(b).) Foster Wheeler manufactured

22  marine boilers and auxiliary equipment, including economizers, for use on Navy ships

23  pursuant to contracts and specifications executed by the Navy. Foster Wheeler has

24  confirmed that its boilers were on the USS Constellation. The basis for removal is that, in

25  the manufacture and sale of boilers and economizers for the Navy, including all aspects

26  of warnings associated with that equipment, Foster Wheeler was acting under an officer

27  or agency of the United States within the meaning of 28 U.S.C. § 1442(a)(1).

28  7. Should Plaintiffs file a motion to remand this case, Foster Wheeler

BRYDON
HUGO & PARKER
135 MAIN STREET
20ᵀᴴ FLOOR
San Francisco, CA 94105

2

FOSTER WHEELER LLC'S NOTICE OF REMOVAL

1  respectfully requests an opportunity to respond more fully in writing, but offers the
2  following authorities at this time:

3      8.      As recognized in *Boyle v. United Technologies Corp.*, 487 U.S. 500, 504 (1988),
4  Foster Wheeler has a federal defense to this action, *i.e.*, government contractor immunity
5  from liability for injuries arising from any exposure to asbestos related to boilers and
6  auxiliary equipment on board Navy vessels, insofar as they were constructed or repaired
7  by Foster Wheeler. Removal pursuant to 28 U.S.C. § 1442(a)(1) is appropriate where the
8  moving party can (1) demonstrate that it acted under the direction of a federal officer, (2)
9  raise a colorable federal defense to Plaintiffs' claims, and (3) demonstrate a causal nexus
10  between Plaintiff's claims and acts it performed under color of federal office. (*Mesa v.*
11  *California*, 489 U.S. 121, 124-25, 129-31, 134-35 (1989).)

12      9.      One New York Federal Court has reviewed this issue as recently as
13  February 2004.   In *Isaacson v. Dow Chemical Company*, 304 F.Supp.2d 442 (E.D.N.Y. 2004),
14  plaintiff originally sued the manufacturer of Agent Orange in New Jersey State Court.
15  Defendants removed to federal court asserting, among other things, federal jurisdiction
16  under the All Writs Act. (*Id.* at 445.) The New Jersey District Court found removal
17  appropriate under the All Writs Act. (*Id.*) The case was then transferred to the Eastern
18  District of New York by the Multidistrict Panel. (*Id.*) The Court of Appeals for the Second
19  Circuit affirmed the district court's denial of remand finding jurisdiction appropriate
20  under the All Writs Act. (*Stephenson v. Dow Chemical Company*, 273 F.3d 19 (2d Cir. 2003).)
21  On review, the United States Supreme Court remanded the case finding that the All
22  Writs Act alone would not support removal. (*Dow Chemical Company v. Stephenson*, 539
23  U.S. 111 (2003).) On remand from the Supreme Court, the Second Circuit determined
24  that jurisdiction could not be grounded in the All Writs Act and remanded the case back
25  to the Eastern District of New York to determine if there was an alternative ground
26  supporting federal jurisdiction. (*Stephenson v. Dow Chemical Company*, 346 F.3d 19 (2d Cir.
27  2003).) It is with that extensive procedural history that the district court examined the
28  federal officer removal statute and found it sufficient to deny plaintiff's motion to

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

3

FOSTER WHEELER LLC'S NOTICE OF REMOVAL

Case 3:07-cv-05403-MJJ    Document 1    Filed 10/23/2007    Page 4 of 9

1   remand. (*Isaacson*, 304 F.Supp. at 445.)

2       10.    In reaching its conclusion, the *Isaacson* court discussed in detail the three

3   elements necessary for removal under this statute. First, a defendant must demonstrate

4   that it is a "person" within the meaning of the statute. (*Id.* at 446.) The definition of a

5   "person" includes a corporation. (*Id.*) Second, the defendant must establish that the suit

6   is "for any act under color of federal office," i.e., there is a causal connection between the

7   charged conduct and asserted official authority. (*Id.* [citations omitted].) Causation exists

8   if the predicate acts of the state court suit were undertaken while the person was acting

9   as or under a federal officer, and the acts were under color of the relevant federal office.

10  *Id.* Third, defendants must raise a colorable claim to a federal law defense. (*Id.*) As

11  previously stated, a colorable claim to a federal defense can be predicated upon the

12  federal government contractor defense. (*Id.* at 449.)

13      11.    The second element requires a causal nexus between the defendant's

14  actions under the federal officer and plaintiff's state court claims. (*Id.* at 447.) A

15  substantial degree of direct and detailed federal control over defendant's work is

16  required. (*Id.*) What constitutes sufficient federal control is often central to a court's

17  decision to uphold removal or remand a case. Several courts have upheld removal

18  because defendants were sued as a result of building products pursuant to military

19  specifications. (See *Crocker v. Borden*, 852 F.Supp. 1322 (E.D.La. 1994)(holding that

20  removal was proper for Westinghouse because its marine turbines were manufactured

21  pursuant to Navy specifications); see also, *Pack v. AC and S, Inc.*, 838 F.Supp. 1099 (D.Md.

22  1993)(holding that removal was proper for Westinghouse because the government had

23  extensive control over the manufacture of turbines, even specifying the type of asbestos

24  cloth).) Not all courts agree, however, on the amount of federal control necessary to

25  uphold removal under this statute.

26      12.    Certain courts have not always viewed this issue consistently. Prior to the

27  *Isaacson* case, the Eastern District Court of New York remanded a similar matter

28  involving Agent Orange. In *Ryan v. Dow Chemical Company*, 781 F.Supp. 934, 950

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

4

1    (E.D.N.Y. 1992), the district court remanded the case because it found that the control by

2    the government was not sufficient to meet the requirements of section 1442(a)(1). The

3    district court reasoned that the government sought only to buy a ready-to-order

4    herbicide from the defendant and did not cause or control the production of the

5    unwanted byproduct, dioxin, which was the alleged cause of the injuries. *Id.*

6        13.    In discussing *Ryan*, the *Isaacson* court acknowledged that it was a

7    contradictory decision. (*Isaacson*, 304 F.Supp. at 445.) It declared, however, that the *Ryan*

8    decision was "no longer persuasive" and went on to discuss Fifth Circuit cases that

9    specifically rejected the *Ryan* conclusion. (See *Winters v. Diamond Shamrock Chemical Co.*,

10   149 F.3d 387, 392 (5th Cir. 1998)(holding that manufacturer of Agent Orange was entitled

11   to removal pursuant to the federal officer removal statute); see also, *Miller v. Dow*

12   *Chemical Company*, 275 F.3d 414, 417 (5th Cir. 2001)(also holding that manufacturer of

13   Agent Orange was entitled to removal pursuant to the federal officer removal statute).)

14   The *Isaacson* court denied remand based on facts that were almost identical to those in

15   *Ryan*. The *Isaacson* court concluded that the government ordered specifications differed

16   from the specifications for the defendants' commercial application of the product.

17   (*Isaacson, supra* at 450.) In addition, the method of warning and application was

18   completely in the government's hands. (*Id.*) Finally, the government had full knowledge

19   of the dioxin "problem" inherent in the production of Agent Orange. (*Id.*) These factors

20   demonstrated the control with which the government operated and, thus, warranted a

21   different holding than *Ryan*. (*Id.*)

22       14.    This analysis also applies to "failure to warn" cases where "there is

23   evidence that the government was involved in the decision to give, or not to give, a

24   warning." (*Kerstetter v. Pacific Scientific Co.*, 210 F.3d 431, 438 (5th Cir.) *cert. denied* 531 U.S.

25   919 (2000).) The Court of Appeals for the Fifth Circuit has made it clear that the

26   government contractor defense is available in "failure to warn" claims where the evidence

27   shows that the lack of a warning reflects governmental direction or control rather than

28   the unfettered discretion of the product's manufacturer, and applies wherever: 1) the

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

5

FOSTER WHEELER LLC'S NOTICE OF REMOVAL

1    government approved or authorized the warnings which the plaintiff contends were

2    inadequate or incomplete; 2) the warnings provided by the manufacturer conformed to

3    the warnings as approved or authorized by the government; and 3) the manufacturer

4    warned the government as to any product hazards known by the manufacturer but

5    unknown by the government. (*Kerstetter*, 210 F.3d at 438.)

6        15.    As stressed in *Kerstetter*, "[t]he government need not prepare the

7    specifications to be considered to have approved them." (*Id.* at 435.) The only material

8    issue is whether the manufacturer's designs and specifications were subjected to

9    "substantial review" rather than a mere "rubber stamp" approval. (*Id.*) While this

10   determination is necessarily fact specific, "substantial review" has plainly been shown

11   upon evidence of a "'continuous back and forth' between the contractor and the

12   government." (*Id.*) In this regard, "[t]he specifications need not address the specific defect

13   alleged; the government need only evaluate the design feature in question." (*Id.*) Once

14   again, applying these general principles to "failure to warn" claims, the fact that

15   governmental specifications or regulations did not specifically preclude the exact

16   warning desired by the plaintiff does not take a "failure to warn" claim outside the scope

17   of the government contractor defense so long as the government was involved generally

18   as to the issue of product warnings (or specifically approved the warnings provided by

19   the contractor) and was generally aware of the hazard in question. (*Id.* at 438.) Stated

20   another way, "[i]nadequacy [of a warning] is not an issue when it is the government's

21   warning in the first place." (*Id.* at 438.)

22       16.    The present case is substantially similar to *Kerstetter, supra.* As explained

23   by J. Thomas Schroppe:

24          The Navy exercised intense direction and control over all written

25          documentation to be delivered with its naval boilers…The Navy required

26          that every piece of equipment be supplied with a defined number of copies

27          of one or more technical manuals. Navy personnel participated intimately

28          in the preparation of this kind of information and exercised specific

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

6

1    direction and control over its contents. These manuals included safety

2    information related to the operation of naval boilers and economizers only

3    to the extent directed by the Navy.

4    Furthermore, the Navy had precise specifications, practices and procedures

5    that governed the content of any communication affixed to machinery

6    supplied by Foster Wheeler to the Navy. Foster Wheeler would not be

7    permitted, under the specifications, associated regulations and procedures,

8    and especially under actual practice as it evolved in the field, to affix any

9    type of warning or caution statement to a piece of equipment intended for

10    installation onto a Navy vessel, beyond those required by the Navy.

11    (See Affidavit of J. Thomas Schroppe attached hereto as Exhibit B at ¶¶ 21 and 22.) Thus,

12    the presence or absence of warnings regarding Foster Wheeler equipment was strictly

13    controlled by the Navy - and a clear basis for removal exists under § 1442(a)(1).

14        17.    In further support of the removal, Foster Wheeler provides the Affidavit of

15    Admiral Ben J. Lehman, U.S. Navy, Ret. (See Affidavit of Admiral Lehman attached

16    hereto as Exhibit C.) Admiral Lehman joined the Navy in 1942 and worked as Ship

17    Superintendent and Planning Officer at the Brooklyn Navy Yard between 1942 and 1944,

18    as Ship Superintendent at the San Francisco Naval Shipyard from 1950 to 1952, and as

19    Planning Officer at the Assistant Industrial Manager Office in San Francisco from 1952 to

20    1054. (*Id.* at ¶ 1.) During his tenure in the Navy and as Ship Superintendent, Admiral

21    Lehman was personally involved with the supervision and oversight of ship alterations

22    and equipment over hauls at the Brooklyn Navy Yard. (*Id.* at ¶ 3.) Admiral Lehman

23    states in his Affidavit the Navy controlled every aspect of the design and manufacture of

24    equipment intended for installation on Navy vessels and that the Navy could not, and

25    did not, permit its contractors to implement changes from military specifications. (*Id.* at

26    ¶¶ 2 and 3.) He further states:

27        The U.S. Navy would not have allowed its equipment suppliers, such as Foster

28        Wheeler, to affix any warning related to any asbestos hazards on their equipment.

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

7

FOSTER WHEELER LLC'S NOTICE OF REMOVAL

1    This would have included boilers.  Further, the U.S. Navy would not have allowed

2    Foster Wheeler to place any warnings related to asbestos hazards in any written

3    material provided by Foster Wheeler to  the U.S. Navy or to a U.S. Navy

4    contractor in accordance with its contracts, including its technical and operations

5    manuals.  To do so would have interfered with the U.S. Navy's mission and

6    control of its ships and personnel.

7    (*Id.* at ¶ 14.)

8    Clearly, the Schroppe and Lehman Affidavits support federal removal jurisdiction

9    under 28 U.S.C. § 1442(a)(1) and the federal nexus to Foster Wheeler's actions has been

10    established.

11    18.    A properly removed case cannot be remanded for discretionary or policy

12    reasons such as allegedly related state court cases or a contention that judicial economy

13    compels remand.  (28 U.S.C. § 1447(c); *Thermitron Products, Inc. v. Hermansdorfer*, 423 U.S.

14    336 (1976).)  The federal officer removal statute is not narrow or limited, and it should not

15    be frustrated by a narrow or grudging interpretation of § 1442(a)(1).  (*Willingham v.*

16    *Morgan*, 395 U.S. 402, 405 (1960).)

17    19.    Foster Wheeler is not required to notify and obtain the consent of any other

18    defendant in this action in order to remove plaintiffs' action as a whole under

19    § 1442(a)(1).  (See *Torres v. CBS News*, 854 F.Supp. 245 (S.D.N.Y. 1994).)

20    21.    As required by 28 U.S.C. § 1446(b) and the local rules of this Court, true and

21    correct copies of the process and pleadings served upon Foster Wheeler are being filed

22    with this Notice of Removal.

23    **Conclusion**

24    22.    Removal of this action is proper under 28 U.S.C. § 1442, because it is a civil

25    action brought in a state court, and the federal district courts have original jurisdiction

26    over the subject matter under 28 U.S.C. § 1442(a)(1) because Foster Wheeler was acting

27    under an officer or agency of the United States.

28    THEREFORE, Foster Wheeler, pursuant to these statutes and in conformance with

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

8

FOSTER WHEELER LLC'S NOTICE OF REMOVAL

1    the requirements set forth in 28 U.S.C. § 1446, removes this action for trial from the

2    Superior Court of the State of California, County of  San Francisco, on this 23rd day of

3    October, 2007.

4    Dated: October 23, 2007                                    BRYDON HUGO & PARKER
                                                                Respectfully submitted,

5

6
                                                    By:
7                                                           Edward R. Hugo
                                                            James C. Parker
8                                                           Thomas J. Moses
                                                            Attorneys for Defendant
9                                                           FOSTER WHEELER LLC

10                                                                   4801-1661

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

FOSTER WHEELER LLC'S NOTICE OF REMOVAL