Stephen M. Fishback (State Bar No. 191646)
sfishback@kfjlegal.com
Daniel L. Keller (State Bar No. 191738)
dkeller@kfjlegal.com
**KELLER, FISHBACK & JACKSON LLP**
28720 Roadside Drive, Suite 201
Agoura Hills, CA  91301
Telephone:  818.879.8033
Facsimile:   818.292.8891
Attorneys for Plaintiffs: Albert Wright, Jr. and Marva Wright

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALBERT WRIGHT, JR. AND MARVA JOE GREEN WRIGHT<br><br>    Plaintiffs,<br>vs.<br><br>A. W. CHESTERTON, COMPANY, et al.,<br><br>    Defendants. | Case No.  C-07-5403(MJJ)<br><br>**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT**<br><br>Date:  January 29, 2008<br>Time: 9:30 a.m.<br>Judge: Hon. Martin J. Jenkins<br>Courtroom: 11 |

## INTRODUCTION

Defendant, Foster Wheeler, LLC (Defendant) seeks to raise an additional basis for removal for the first time in its opposition brief, namely, that the Navy's knowledge about the dangers of using Defendant's asbestos-containing boilers was somehow superior to the knowledge of Defendant who manufactured those boilers. Defendant can not raise a new basis for removal after its time for removal has expired. Since that time expired in October, its new basis for removal raised in its opposition brief filed in December can not be considered.

Even if it could, however, Defendant's argument fails on multiple other grounds. Defendant submitted, albeit later, the declaration of Mr. Betts in support of its new argument. Mr. Betts, an industrial hygienist for the Navy beginning in the 1970s, never establishes in his declaration how he has personal knowledge about: (1) the Navy's knowledge about the hazards of asbestos generally; (2) the Navy's knowledge about the hazards of workers, like Mr. Wright, using Defendant's asbestos-containing boilers; (3) Mr. Wright's work aboard the USS Constellation (which he never references in his declaration); (4) whether Defendant designed and manufactured its boilers to contain asbestos and not to warn about the same at the direction of a federal officer; or (5) whether Defendant could have warned Mr. Wright about the dangers of using its asbestos-containing boilers aboard the USS Constellation.

Most notably, Mr. Betts spends the majority of his declaration describing the state of the Navy's knowledge about the dangers of asbestos generally. Yet, the proper question is whether "the supplier warned the United States about the ***dangers in the use of the equipment*** that were known to the supplier but not to the United States." *Boyle v. United Technologies Corp.* 487 U.S. 500, 512 (1988) (emphasis added). Thus, the issue, unaddressed by Mr. Betts or Defendant's brief, is whether the Navy knew about the dangers inherent in the use of Defendant's asbestos-containing boilers, which is an entirely different question than the state of the Navy's knowledge about asbestos generally. In fact, a close reading of Mr. Betts' conclusions reveals that Defendant could have placed warnings on its products and at some point in time undescribed by Mr. Betts warnings were actually placed on some products. (Betts' Dec., ¶ 34(f)(i).) Therefore, Defendant's new declaration of Mr. Betts actually supports remand of this action.

Defendant fails to establish through affirmative admissible evidence that it acted at the direction of a federal officer, has a colorable federal defense; or that a causal nexus exists between plaintiffs' claims and its actions purportedly taken at the direction of a federal officer. And its inadmissible declarations of Mr. Lehman, Mr. Schroppe, Mr. Betts, and its attorney, Mr. Moses, do nothing to remedy the deficiencies in its removal. Accordingly, this action should be remanded to the state court.[1]

## LEGAL ANALYSIS

### A. DEFENDANT'S DECLARATIONS ARE INADMISSIBLE

Defendant purports to rely on four declarations: (1) Declaration of Thomas Schroppe; (2) Declaration of Ben Lehman; (3) Declaration of Lawrence Betts; and (4) Declaration of Thomas Moses, Esq. With regard to the declarations of Schroppe and Lehman, Defendant relies on the declarations submitted in support of its notice of removal. Interestingly, Defendant altogether fails to address in its opposition papers the various evidentiary objections to these declarations, which plaintiffs raised in the initial moving papers. Furthermore, for the reasons set forth below and in plaintiffs' objections to the declaration of Defendant's attorney, Thomas Moses, Esq., and the untimely declaration of Lawrence Betts, their declarations are equally inadmissible.

Civil L.R. 7-5(a) mandates that any "[f]actual contentions made . . . in opposition to any motion must be supported by . . . [a] declaration and by appropriate references to the record." "[E]videntiary matters must be appropriately authenticated by [a] . . . declaration." *Id*. "An affidavit or declaration . . . must conform as much as possible to the requirements of FRCivP R.

---

[1] Defendant Leslie Controls purports to join in Foster Wheeler's notice of removal and opposition to plaintiffs' motion to remand. Yet, Leslie Control's time for filing its notice of removal on the grounds set forth in its joinder expired 30 days after it was served with the complaint in this action in September 2007. (Keller Dec. ¶ 5.) Thus, its notice of removal is untimely. Furthermore, Leslie Controls does not have standing to offer any evidence to support removal or to oppose plaintiffs' motion to remand because Foster Wheeler, not Leslie Controls, removed this action. And even if Leslie Controls could offer such evidence or oppose plaintiffs' motion, its motion was served by mail on December 14, 2007 and therefore, was served late and combined with Foster Wheeler's brief, exceeds the page limit allowed by the local rules. Out of an abundance of caution, plaintiffs hereby object to any and all evidence purportedly submitted by Leslie Controls as hearsay, lacking foundation, irrelevant, and violating the secondary evidence rule. Leslie Control's brief is nothing more than a feable attempt to circumvent the requirements for removal and this Court's pleading requirements, and should be wholly disregarded.

56(e) . . . [and a] declaration not in compliance with this rule may be stricken in whole or in part. " Civil L.R. 7-5(b).

FRCivP R. 56(e) requires that all declarations "shall be made on *personal knowledge*, shall set forth facts as would be admissible in evidence, and shall *show affirmatively that the affiant is competent to testify to the matters stated therein*." (Emphasis added.) FRCivP R. 56(e) further requires that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." FRCivP R. 6(d) mandates that "[w]hen a motion [or opposition] is supported by affidavit, the affidavit shall be served with the motion [or opposition]. . .."

### 1. THE DECLARATIONS OF SCHROPPE AND LEHMAN ARE NOT PROPERLY BEFORE THIS COURT AND INADMISSIBLE

Defendant relies on the declarations of Schroppe and Lehman submitted in support of its notice of removal. (Keller Dec. ¶ 2.) It failed to submit those declarations in support of its opposition. *Id*. Because FRCivP R. 6(d) requires that any declarations cited in support of Defendant's opposition be served with its opposition papers, and Defendant failed to do so, the declarations of Schroppe and Lehman are not properly before the Court. This omission alone is fatal to its opposition.

Even assuming that the declarations of Schroppe and Lehman are properly before the Court, which they are not, a simple reading of the declarations illustrates that they patently fail to comply with the mandates of Civil L.R. 7-5(a) or FRCivP R. 56(e). Both declarations were executed before this case was even filed. Accordingly, neither Mr. Schroppe nor Mr. Lehman could have personal knowledge regarding Mr. Wright's work aboard the USS Constellation that Defendant cites in its notice of removal as its sole basis for removal. (D's Notice of Removal, ¶¶ 2, 6.) In fact, neither Mr. Schroppe nor Mr. Lehman ever even mentions Mr. Wright or the USS Constellation. Without any personal knowledge of Mr. Wright's work around Defendant's boilers—key to whether there were adequate warnings on the same—Mr. Schroppe and Mr. Lehman can not opine about whether a specific federal officer directed Defendant to incorporate asbestos into its boilers and prohibited Defendant from placing warnings about asbestos exposure

1  on the boilers that Mr. Wright worked with and around on the USS Constellation.

2  Mr. Schroppe and Mr. Lehman reference a series of naval contracts and specifications in a
3  series of hearsay assertions. However, not a single contract or specification is attached to their
4  declarations. Failure to attach and authenticate the contracts and specifications that they reference
5  violates the plain language of both Civil L.R. 7-5 and FRCivP 56(e) requiring the same. This is
6  not the first time that Defendant has removed an asbestos case to this Court without sufficient
7  evidence to support removal. (Keller Dec. Exs. A & B.) *See Moorefield v. A.W. Chesterton*
8  *Company, Inc*., No. C-07-2197(MJJ) (N.D.Cal 2007); *Cabalic v. Owens-Corning Fiberglas Corp*
9  2002 WL 102608, (N.D.Cal. 2002). Since Mr. Schroppe's and Mr. Lehman's declarations are
10 based entirely on the existence of such naval contracts and specifications, which they fail to
11 attach, their declarations are inadmissible in their entirety and must be stricken. *See United States*
12 *v. Alessi* 599 F.2d 513, 515 (2d Cir.1979). Furthermore, since the naval contracts and
13 specifications upon which Defendant purports to rely are not attached to Mr. Schroppe's and Mr.
14 Lehman's declarations, they are not properly authenticated, not part of the record, and not before
15 this Court. Without these declarations, and the referenced naval contracts and specifications to
16 establish that Defendant was acting at the direction of a federal officer when it designed its
17 asbestos-containing boilers and failed to warn about the same, it has no basis for its purported
18 federal officer removal.

19 **2.  THE DECLARATION OF LAWRENCE BETTS IS UNTIMELY AND**
20 **INADMISSIBLE**
21 **a.  DEFENDANT'S TIME TO SUPPLEMENT ITS NOTICE OF**
22 **REMOVAL EXPIRED BEFORE IT SUBMITTED THE**
23 **DECLARATION OF MR. BETTS**

24 Defendant can not rely on the declaration of Mr. Betts because Defendant failed to submit
25 or even reference the arguments it seeks to support with the Betts declaration before its time for
26 removal expired. A removal notice can not be amended or supplemented after the time for
27 removal has expired. *See McGlasson v. Barger*, 220 F.Supp. 938 (D. Colo. 1963). "[A] petition
28 for removal may not be amended to supply jurisdictional averments that have been lacking."

*McGlasson,* 220 F.Supp. at 940-41.  A removing defendant, which fails to provide the requisite facts and evidence, cannot amend or supplement, after the time for removal has expired, except to clarify facts already timely and properly alleged. *Id*. 'Clarifying' does not include adding extra details or offering additional evidence. *Id.* In *McGlasson*, the court refused to consider late-filed affidavits and stated:

> [N]o factual allegations to support jurisdiction appear in the petition for removal….the Court cannot look to the affidavits filed at the hearing on this matter for a factual basis upon which removal may rest since, in essence, they are an effort to amend the petition for removal beyond the [] period within which removal must be effected.

*Id.* at 940-41.

Here, removal was based on plaintiffs' complaint, which Defendant states was served on September 28, 2007.  (D's Notice of Removal, ¶ 2.)  Thus, its time to supplement its petition for removal with supporting evidence expired 30 days later on October 28, 2007.  Defendant raises for the first time in its brief filed on December 14, 2007 that the Navy possessed superior knowledge about the dangers of asbestos (as opposed to the use of Defendant's asbestos-containing boilers, which alone is fatal to Defendant's removal).  Furthermore, Defendant served (albeit later) the declaration of Mr. Betts in support of its new basis for removal on December 18, 2007.  Both the new grounds for removal, that the Navy possessed superior knowledge, and Defendant's purported evidence, Mr. Bett's declaration, were submitted in December 2007 after Defendant's time to amend its removal petition expired in October 2007.  Thus, Defendant's new averment and Mr. Bett's declaration can not be considered.

### b.     MR. BETT'S DECLARATION WAS FILED AND SERVED LATE

Even if this Court allowed Defendant to amend or supplement its notice of removal, Mr. Bett's declaration is still untimely. All papers upon which a party intends to rely in support of its opposition must be filed and served no later than 21 days before hearing. Civil L.R. 7-3.  This Court's Standing Order No. 8 expressly states that the Court will not consider any document sought to be filed after the required time or in any improper manner or form.  Standing Order No.

8 further cautions that any attorney in violation of this requirement will be subject to sanctions pursuant to Civil L.R. 1-4.

Defendant filed and served Mr. Betts' declaration electronically ***without exhibits*** when it was due on December 14, 2007. (Keller Dec., ¶ 6.) It was not until December 18, 2007, 4 days later, that Defendant filed and plaintiffs received Mr. Betts' declaration ***with exhibits***. (*Id.*) Thus, Mr. Betts' declaration is untimely and should be stricken. *See United States v. Alessi* 599 F.2d 513, 515 (2d Cir.1979).

### c. MR. BETT'S DECLARATION FAILS TO ESTABLISH THAT THE NAVY HAD SUPERIOR KNOWLEDGE

Defendant purports to rely upon Mr. Bett's declaration to support its proposition that (1) Defendant manufactured its boilers at the direction of a specific federal officer (D' P&A, p. 14, ln. 1-3); (2) Defendant could not have placed warnings on its boilers (D's P&A, p. 18, ln. 4-6); and (3) the Navy's knowledge of the hazards of the asbestos (as opposed to Defendant's asbestos-containing equipment), which Defendant incorporated into its boilers, was superior to Defendant's knowledge about the same (D's P&A, p. 17, ln. 13-16.). Even assuming that Mr. Betts' declaration is properly before the Court, which it is not, a simple reading of the declaration illustrates that it fails to support removal as follows:

- Mr. Betts never once references the USS Constellation. Without any personal knowledge of Mr. Wright's work around Defendant's boilers on the USS Constellation, <u>which Defendant cites as its sole basis for removal in its notice of removal,</u> Mr. Betts can not opine about the Navy's knowledge of the hazards of Defendant's asbestos-containing boilers or what warnings could have been placed on those boilers that Mr. Wright worked with and around on the USS Constellation.

- Under *Boyle*, to establish its government contractor defense, Defendant must establish, among other things, that "the supplier warned the United States about the ***<u>dangers in the use of the equipment</u>*** that were known to the supplier but not to the United States." *Boyle v. United Technologies Corp.* 487 U.S. 500, 512 (1988) (emphasis added). Mr. Betts discusses the Navy's knowledge about the hazards of asbestos generally. (Betts' Dec., ¶ 29.) <u>He never addresses the Navy's knowledge about the dangers in the use of Defendant's asbestos-containing equipment or boilers specifically. In fact, Mr. Betts never discusses the Navy's knowledge of the hazards of asbestos in any boilers.</u>

- Mr. Betts never describes the state of Defendant's knowledge about the dangers of using its asbestos-containing boilers. Thus, it is impossible to determine whether Defendant's knowledge about the dangers of using its asbestos-containing boilers was superior to the knowledge of the Navy.

- Mr. Betts never states that Defendant could not warn or was precluded from warning about the dangers of its asbestos-containing boilers.

- Mr. Betts concedes that Defendant could have warned and, in fact, that later warnings were placed on some asbestos-containing products. (Betts Dec., ¶ 34(f), (i).)

- Mr. Betts concedes that the standards set forth by the Navy for asbestos exposure were ***minimum standards*** such that a manufacturer like Defendant could have manufactured its products to exceed the minimum safety standards set by the Navy. (Betts Dec., ¶ 16.)

- Mr. Betts references a military specification and SECNAV instruction in his declaration. Mr. Betts served as an industrial hygienist while in the Navy. (Betts Dec., ¶ 2.) Mr. Betts never establishes how he is qualified or possesses personal knowledge sufficient to review and opine on military specifications, SECNAV instructions, warnings, labeling or any related requirements. Without a proper foundation, his statements about the same are inadmissible.

- Mr. Betts assumes for purposes of his declaration that Defendant's boilers were manufactured at the direction of a federal officer and never purports to establish, contrary to Defendant's assertion in its brief, that Defendant's boilers were manufactured at the direction of a specific federal officer. (Betts' Dec., ¶ 4, D's P&A, p. 14, ln. 1-3.) To the extent that Mr. Betts' statements could be construed to support such a proposition, he fails to establish how he, as an industrial hygienist for the Navy, would be qualified to know or has personal knowledge about whether a specific federal officer of the Navy directed Defendant to incorporate asbestos into its boilers and not warn about the dangers of working with the same.

- Mr. Betts' never references or otherwise authenticates exhibits 6, 11, 44, or 45. Therefore, they are inadmissible.

In its failed effort to establish that the Navy's knowledge was superior, Mr. Betts states that the Navy knew about the dangers of asbestos generally, but never discusses the Navy's knowledge about the dangers of using Defendant's asbestos-containing boilers, which *Boyle* requires. He never describes Defendant's knowledge such that a determination can be made about

1  whose knowledge about the dangers of using Defendant's asbestos-containing boilers was
2  superior—Defendant or the Navy. And he concedes that manufacturers, like Defendant, could
3  have warned and did later warn about the dangers of using asbestos-containing equipment. (Betts'
4  Dec., ¶ 34(f)(i).) Accordingly, even if this Court considers Mr. Bett's declaration, the substance
5  actually supports remand of this action.

6  Defendant's reliance on *Oliver v. Oshkosh Truck Corp.* 96 F.3d 992 (7th Cir. 1996),
7  decided on summary judgment as opposed to a remand motion, does nothing to save Mr. Betts'
8  declaration or support Defendant's argument that the Navy possessed superior knowledge about
9  the dangers of using Defendant's asbestos-containing boilers. In *Oliver*, the court found that the
10 Marine Corp. was "aware of the dangers associated" with a truck that plaintiffs claimed was
11 defective. *Id*. at 1001. The court analyzed whether the government was aware of the dangers
12 inherent in the use of the product, not the dangers of a chemical in the product generally.
13 Furthermore, in *Oliver*, Oshkosh actually warned the government about the problems with its
14 trucks such that a comparison of the defendant's and the government's knowledge could be made.
15 *Id*. No such evidence of Foster Wheeler's knowledge is before this Court. In fact, every case
16 cited by Defendant on the issue of governmental knowledge was decided at the summary
17 judgment phase and based on knowledge by the government about the **_use_** of the product at issue.
18 *See Kerstetter v. Pacific Scientific Co.* 210 F.3d 431, 433-34 (5th Cir. 2000); *Emory v. McDonnell*
19 *Douglas Corp.* 148 F.3d 347, 352 (5th Cir. 1998); *Sundstrom v. McDonnell Douglas Corp.* 816
20 F.Supp. 587, 590-91 (N.D. Cal. 1993).

21  **3.   DEFENDANT'S ATTORNEY DECLARATION IS INADMISSIBLE**

22  Defendant's attorney, Thomas Moses, Esq., attaches a purchase order to his declaration.
23 (Moses Dec., ¶ 3.) That purchase order never references the USS Constellation. (*Id*.) And
24 Defendant's attorney never establishes a foundation for its authenticity or how he is qualified to
25 submit or interpret it. (*Id*.) Thus, the purchase order and Defendant's attorney declaration are
26 inadmissible for the foregoing reasons as well as the reasons set forth in plaintiffs' objections
27 thereto submitted in support of plaintiffs' reply.
28 / / /

## B.  DEFENDANT FAILS TO ESTABLISH THAT IT ACTED UNDER THE DIRECTION OF A SPECIFIC FEDERAL OFFICER

To support removal, Defendant has the burden of proving, among other things, that it was ***acting at the direction of a specific federal officer*** when it incorporated asbestos into its design of the boilers aboard the USS Constellation and failed to warn Mr. Wright about the dangers of working around the same. *Arnold v. Blue Cross & Blue Shield*, 973 F.Supp. 726, 739 (S.D. Texas 1997) (*citing Mesa v. California*, 489 U.S. 121, 124-25, 129-31, 134-35, 109 S.Ct. 959, 962-63, 964-66, 967-68, 103 L.Ed. 2d 99 (1989); *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F3d 831, 838 (9th Cir. 2004); *Miller v. Diamond Shamrock Co.*, 275 F3d 414, 417 (5th Cir. 2001).

Defendant cites Mr. Wright's work aboard the USS Constellation as its sole basis for removal in its notice of removal. (D's Notice of Removal, ¶¶ 2, 6.) Defendant writes, "Foster Wheeler has confirmed that its boilers were on the USS Constellation." *Id*. Yet, Defendant fails to cite a single shred of evidence to establish that its boilers were aboard the USS Constellation. *Id*. In fact, as explained above, its inadmissible and untimely declarations of Betts, Schroppe, Moses and Lehman never even reference the USS Constellation.

It is inconceivable to plaintiffs how Defendant can prove that a federal officer directed Defendant not to warn about the dangers of asbestos in its boilers aboard the USS Constellation if there is no evidence before this Court establishing the threshold matter of whether its boilers were even aboard that ship. This lack of evidence before the Court as to this threshold issue is fatal to Defendant's removal.

Defendant cites *Ballenger v. A.W. Chesterton* 2006 WL 2186681, which is not controlling authority, to support its argument that it acted at the direction of a federal officer. That case is inapposite. The defendant in *Ballenger* was a shipyard and not a product manufacturer like Foster Wheeler. Furthermore, the exact evidence relied upon by the court is not described in its opinion sufficient to compare the same to the evidence that Defendant seeks to submit. Plaintiffs respectfully request that instead of following an opinion concerning a shipyard defendant that the Court follow its own opinion against this exact Defendant, Foster Wheeler, in *Moorefield v. A.W. Chesterton Company, Inc*., No. C-07-2197(MJJ) (N.D.Cal 2007) wherein this Court found the

virtually identical evidence insufficient to support removal.  (Keller Dec. Exs. A.)

### C.     DEFENDANT FAILS TO RAISE A COLORABLE FEDERAL DEFENSE

For the same reasons Defendant can not establish that it acted under the direction of a specific federal officer, Defendant fails to raise a colorable federal defense.  Defendant purports to raise as a colorable defense the government contractor immunity defense under *Boyle v. United Tech. Corp*, 487 U.S. 500, 509, 108 S.Ct. 2510, 2517, 101.  The government contractor defense shields government contractors from liability only when "(1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." *Id. at 512*.  Defendant's reliance on *Willingham v. Morgon* 395 U.S. 402 for the proposition that in a "close call," to use Defendant's language, the tie goes to the removing party is entirely misplaced.  Nowhere in *Willingham* does it state any such holding.  On the contrary, in *Willingham*, which dealt with actual federal officers, not contractors like Defendant, the court simply found that the removing party's defense must be colorable.  Neither *Willingham* nor any other case cited by Defendant supports such a finding.

Defendant seeks to rely on the declarations of Lehman, Schroppe, Moses and Betts to support each element of its purported government contractor defense.  Yet, as explained above, those declarations are inadmissible.  Even if they were admissible, however, they actually support remand to state court.  Mr. Betts' declaration states that Defendant could have warned about the dangers of using Defendant's asbestos-containing boilers; states that manufacturers like Defendant actually could and later did warn about the dangers of using their equipment; states that the Navy only knew about the dangers of asbestos saying nothing about the dangers of using Defendant's asbestos-containing equipment or boilers; and never describes the Defendant's knowledge about the dangers of using its asbestos-containing boilers such that a determination about whose knowledge was superior could be made.  Thus, Defendant's Betts declaration, regardless of its admissibility, actually supports remand of this action.

### D.     DEFENDANT FAILS TO ESTABLISH A CAUSAL NEXUS

In order for Defendant to show that there was a causal nexus between its actions under the

control of a federal officer and plaintiffs' claims, it must show that a federal officer specifically dictated that Defendant: (1) must use asbestos in its boilers, and (2) must **not** warn about the dangers of using its asbestos-containing boilers. *See Faulk v. Owens-Corning Fiberglass, Corp.*, 48 F.Supp.2d 643, 663. Because the declarations of Lehman, Schroppe, Moses and Betts are inadmissible, Defendant can not support the causal nexus prong of the *Mesa* test.

Even assuming that they were admissible, for the reasons set forth above, they do not support removal. Betts' declaration specifically states that Defendant could have provided warnings on its asbestos-containing boilers. Nowhere in any of Defendant's inadmissible declarations do they state that a federal officer, or the Navy for that matter, prohibited Defendant from placing warnings about the dangers of using its asbestos-containing boilers aboard the USS Constellation or any other naval vessel. Furthermore, as explained above, Defendant's Bett's declaration does not establish that the Navy's knowledge of the dangers of using Defendant's asbestos-containing boilers was superior to Defendant's knowledge and states that manufacturers like Defendant actually could and later did warn about the dangers of using their equipment. Accordingly, Defendant fails to establish a causal nexus between plaintiffs' claims and its actions purportedly taken at the direction of a federal officer.

### E. PLAINTIFFS' CLAIMS ARE LIMITED TO FAILURE TO WARN CLAIMS

Plaintiffs' claims against Defendant are limited to claims based on Defendant's failure to warn. Defendant argues incorrectly that because plaintiffs assert multiple causes of action against Defendant, somehow those causes of action are based on theories other than failure to warn. Plaintiffs set forth in their moving papers the operative language of each of their causes of action that establishes they are based on Defendant's failure to warn Mr. Wright of the dangers attendant to using Defendant's asbestos-containing boilers. (P's Remand Motion, pp. 15-17.) Defendant fails to cite to a single case or statute, or any portions of plaintiffs' complaint, in support of its argument that plaintiffs' claims are not based on a failure to warn theory.

Plaintiffs assert that the complaint is properly pleaded such that plaintiffs' claims against Defendant are based upon and limited to failure to warn claims. Out of an abundance of caution, and to alleviate any dispute about whether plaintiffs' claims are based on and limited to

Defendant's failure to warn, plaintiffs file concurrently herewith a waiver of all claims, except those based on Defendant's failure to warn.

In *Shilz v. A.P. Green Industries, Inc.* 2002 WL 102608, *1 (N.D.Cal. 2002), an asbestos case before this Court, the Court found that plaintiffs' causes of action were limited to failure to warn claims because plaintiffs filed a written waiver of all claims based on design defects. (Keller Dec. Ex. D.) See *Overly v. Raybestos-Manhattan*, 1996 U.S. Dist. LEXIS 13535, *3-4 (N.D.Cal. 1996) (finding that plaintiffs' claims were limited to failure to warn claims based on plaintiffs' written waiver of all claims related to design defects). In *Shilz*, defendant, United States Steel, argued that plaintiff's claims were removable under the government contractor defense because a ship at issue in the case was constructed "pursuant to [a] contract with the Navy and under the authority of officers of the United States or agencies thereof." *Shilz*, 2002 WL 102608, *1. This court rejected defendant's argument because plaintiff had limited her claim against defendant to a failure to warn theory of liability and was not pursuing a design defect claim against defendant. *Id.* at *2. In finding that plaintiff's claims were limited to failure to warn claims, the court expressly relied on Plaintiff's Waiver of Claim for Design Defect Product Liability. *Id.*

In the instant case, plaintiffs have filed a waiver of any design defect claims and any claims based on theories other than failure to warn. Accordingly, as in *Shilz*, plaintiffs' claims are limited to failure to warn claims.

### F. DEFENDANT CAN NOT RELY ON THE GOVERNMENT CONTRACTOR DEFENSE BECAUSE ITS EQUIPMENT WAS SIMPLY STOCK EQUIPMENT

Defendant attempts to distinguish *In Re: Hawaii Federal Asbestos Cases*, 960 F.2d 806, 814 (9th Cir. 1992) from the instant action by arguing that its equipment was not "stock" equipment but "military" equipment. The mere selection of standard asbestos-containing equipment and components by the government does not provide the supplier or contractor with a basis for removal. *See Boyle v. United Tech. Corp*, 487 U.S. 500, 509, 108 S.Ct. 2510, 2517, 101 L.Ed.2d 442 (1988); *In Re: Hawaii Federal Asbestos Cases*, 960 F.2d 806, 812 (9th Cir. 1992).

Relying on inadmissible evidence, Defendant argues that it manufactured custom boilers

that Defendant "was not allowed to sell" to anyone else.  (D's P&A, p. 16-17.)  Defendant purports to rely on a purchase order attached to its attorney declaration.  (Moses Dec., ¶ 3.)  Yet as explained above, Mr. Moses fails to establish that he is qualified to authenticate or interpret that purchase order.  More importantly, however, that purchase order says nothing about the boilers aboard the USS Constellation, which is Defendant's sole basis for removal.  (D's Notice of Removal, ¶ 2, 6.)  Thus, there is no evidence before this Court establishing that Defendant's equipment was anything more than stock equipment for which the government contractor defense is unavailable.

### G.   DEFENDANT FAILS TO CITE ANY LAW TO SUPPORT REMOVAL

Defendant eagerly brings to the Court's attention the decision in *Durham v. Lockheed Martin Corporation* 445 F.3d 1247 (9th Cir. 2006).  Even assuming that the *Durham* opinion militates a deviation from the strict construction for removals set forth by the Supreme Court in *Shamrock Oil and Gas Corp. v. Sheets* 313 U.S. 100 (1941) (Removal statutes are to be strictly construed, and any doubts as to removal are to be resolved in favor of remanding the case to state court) and the Ninth Circuit in *Gaus v. Miles. Inc*. 980 F.2d 654, 666 (9th Cir. 1992) (There is a strong presumption against removal jurisdiction, and federal jurisdiction should be rejected "if there is any doubt as to the right of removal in the first instance."), for the many reasons set forth above, Defendant still fails to meet its burden of satisfying the requirements for federal officer jurisdiction under *Mesa*.  Under even the most liberal of standards, Defendant has simply failed to demonstrate through admissible evidence or otherwise that a specific federal officer controlled the conduct that gave rise to plaintiffs' state law failure to warn claims, i.e., that a specific federal officer directed Defendant to include asbestos in its boilers manufactured for the USS Constellation and specifically prohibited Defendant from placing any warnings on those asbestos-containing boilers.

*Durham* in no way relaxed the requirements that Defendant must meet in order to support removal. While the *Durham* Court did set forth its rationale for promoting a liberal construction of removals allowing it to expand the time for removal based on federal officer jurisdiction, the court explicitly ruled that its holding did not apply to the substantive merits of the removal in

question and that its holding is limited to the issue of whether a defendant's removal was timely:

> The district court held that Lockheed's removal petition was untimely, so it did not reach the question whether Lockheed's federal contractor immunity defense met the substantive requirements of section 1442. See *Acker*, 527 U.S. at 431; *Mesa*, 489 U.S at 124-25, 131-35 (1989); *Boyle*, 487 US. at 512. We likewise express no opinion on the merits of Lockheed's removal. We hold only that Lockheed's removal petition was timely and that Lockheed therefore had an objectively reasonable basis for filing the removal petition. *Martin*, 126 S. Ct. at 708.

Accordingly, the *Durham* decision does nothing to rectify the deficiencies in Defendant's removal and instead supports remand of the case to state court.

### H.   AN ORDER REMANDING THIS CASE IS NOT APPEALABLE

Defendant requests, erroneously, that an order from this Court remanding this case be certified for appeal. An order remanding a case is "not reviewable on appeal or otherwise." 28 USC § 1447(d); *see Durham v. Lockheed Martin Corporation* 445 F.3d 1247, 1250 (9th Cir. 2006). The ban on appellate review avoids the delay (and uncertainty whether the state court could resume jurisdiction) that could result if remand orders were appealable and the case could be recalled from state court. *Liberty Mut. Ins. Co. v. Ward Trucking Corp*. (3rd Cir. 1995) 48 F3d 742, 745. Where a district court orders a remand, "review is unavailable no matter how plain the legal error in ordering the remand." *Kircher v. Putnam Funds Trust* (2006) 126 S.Ct. 2145, 2154, *In re Loudermilch* (11th Cir. 1998) 158 F3d 1143, 1145, fn. 3. Neither mandamus nor any other extraordinary writ can be used to circumvent the bar to appellate review of remand orders. *In re Blackwater Secur. Consulting, LLC* (4th Cir. 2006) 460 F3d 576, 593. Accordingly, Defendant's request that an order remanding this case be certified for appeal must be denied.

### CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that this Court remand this action to the Superior Court of California, County of San Francisco.

DATED: December 26, 2007                                **KELLER, FISHBACK & JACKSON LLP**

By: ____/s/_____
    Daniel Keller
    Attorneys for Plaintiffs