Stephen M. Fishback (State Bar No. 191646)
sfishback@kfjlegal.com
Daniel L. Keller (State Bar No. 191738)
dkeller@kfjlegal.com
**KELLER, FISHBACK & JACKSON LLP**
28720 Roadside Drive, Suite 201
Agoura Hills, CA 91301
Telephone: 818.879.8033
Facsimile: 818.292.8891
Attorneys for Plaintiffs: Albert Wright, Jr. and
Marva Wright

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT WRIGHT, JR. AND MARVA JOE GREEN WRIGHT<br><br>Plaintiffs,<br><br>vs.<br><br>A. W. CHESTERTON, COMPANY, et al.,<br><br>Defendants. | Case No. C-07-5403(EDL)<br><br>**DECLARATION OF DANIEL KELLER SUBMITTED IN SUPPORT OF PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT**<br><br>Date: January 29, 2008<br>Time: 9:30 a.m.<br>Judge: Hon. Martin J. Jenkins<br>Courtroom: 11 |

I, Daniel Keller, declare:

    1.    I am an attorney duly admitted to practice before all the courts in the state of California and am a partner of KELLER, FISHBACK & JACKSON LLP. The information stated in this declaration is based on my personal knowledge. If called upon as a witness to testify, I could and would testify to the following facts.

    2.    I have reviewed the papers served on plaintiffs by Defendant in support of its removal and opposition to plaintiffs' motion to remand this action. The declarations of Mr. Schroppe and Mr. Lehman were received in support of Defendant's notice of removal only. No other copies were received by plaintiffs; not in support of Defendant's opposition to plaintiffs' motion to remand or otherwise.

    3.    Attached hereto as Exhibit A is a true and correct copy of the decision issued in *Moorefield v. A.W. Chesterton Company, Inc.*, No. C-07-2197(MJJ) (N.D.Cal 2007).

    4.    Attached hereto as Exhibit B is a true and correct copy of the opinion issued in *Cabalic v. Owens-Corning Fiberglas Corp* 2002 WL 102608, (N.D.Cal. 2002).

    5.    Attached hereto as Exhibit C is a true and correct copy of the proof of service of the complaint in this action on defendant Leslie Controls.

    6.    I reviewed the declaration of Lawrence Betts' served on plaintiffs' counsel electronically on December 14, 2007. It contained no exhibits whatsoever. Instead, on December 18, 2007, four days later, plaintiffs' counsel received via Federal Express the declaration of Mr. Betts with exhibits.

    7.    Attached hereto as Exhibit D is a true and correct copy of the opinion issued in *Shilz v. A.P. Green Industries, Inc.* 2002 WL 102608, *1 (N.D.Cal. 2002)

    I declare under the penalty of perjury under the laws of the state of California that the above is true and correct. Executed on December 26, 2007 in Agoura Hills, California.

/s/
_____
Daniel Keller

**Exhibit A**

1   Stephen M. Fishback (State Bar No. 191646)
    sfishback@kfjlegal.com
2   Daniel L. Keller (State Bar No. 191738)
    dkeller@kfjlegal.com
3   **KELLER, FISHBACK & JACKSON LLP**
    28720 Roadside Drive, Suite 201
4   Agoura Hills, CA 91301
    Telephone: 818.879.8033
5   Facsimile: 818.292.8891

6
    Attorneys for Plaintiffs: FRANK MOOREFIELD
7   and JUANITA MOOREFIELD

8
9                 **UNITED STATES DISTRICT COURT**

10               **NORTHERN DISTRICT OF CALIFORNIA**

11

12  FRANK MOOREFIELD and JUANITA
    MOOREFIELD,                             Case No.  C-07-2197(JL)
13
                                            **ORDER GRANTING MOTION TO**
14          Plaintiffs,                      **REMAND CASE TO CALIFORNIA**
                                            **SUPERIOR COURT**
15      vs.

16  A.W. CHESTERTON COMPANY, INC., et       Date:  July 24, 2007
    al.,                                    Time:  9:30 a.m.
17                                           Judge: Hon. Martin Jenkins
18          Defendants.

19

20

21

22

23

24

25

26          Plaintiffs', FRANK MOOREFIELD and JUANITA MOOREFIELD, Motion To Remand

27  Case to California Superior Court  came on regularly for hearing on July 24, 2007, at 9:30 a.m., in

28

1  Courtroom 11 of the above-captioned Court, the Honorable Martin Jenkins presiding.  Plaintiffs'

2  and Defendant's counsel of record appeared for oral argument.

3  The Court, relying on *In Re: Hawaii Federal Asbestos Cases*, 960 F.2d 806 (9th Cir. 1992),

4  and *Overly v. Raybestos- Manhattan*, 1996 U.S. Dist. LEXIS 13535 (N.D. Cal. 1996), among

5
6  other authority as set forth in plaintiffs' moving papers, and having considered the papers filed and

7  served herein and the arguments made by counsel, hereby GRANTS Plaintiffs' Motion To

8  Remand Case to California Superior Court.

9  Plaintiffs have properly alleged state law based failure to warn claims against defendants,

10
11  among other causes of action, for which the federal court does not maintain jurisdiction in this

12  instance.  Plaintiffs objections to the deficient declarations of J. Thomas Schroppe and Roger B.

13  Horne, Jr are sustained in that said declarations are overly general and lack the requisite foundation

14  to support the facts which they attempt to assert and do no meet the minimum standard necessary

15
16  to support defendant's removal petition. (*See Boyle v. United Tech. Corp*, 487 U.S. 500, 509, 108

17  S.Ct. 2510, 2517, 101 L.Ed.2d 442 (1988).)  As any ambiguities and contested issues of fact must

18  be resolved in the Plaintiffs' favor, (*Goss v. Schering-Plough Corp. 2006 WL 2546494 (E.D.Tex.*

19  *2006)*,  the Court finds that this court lacks subject matter jurisdiction over this cause, and that this

20  case should be remanded to the Superior Court of the City and County of  San Francisco,

21  California.

22
23  It is therefore ORDERED that on this __4___ day, of __August___, 2007,  the above-

24  entitled and numbered civil action is hereby REMANDED to the Superior Court of the City and

25  County of  San Francisco, California.

26  It is further ORDERED that on this __4___ day, of __August____, 2007, that plaintiffs'

27  Motion for Attorneys' Fees and Costs is DENIED.

Honorable Martin Jenkins
U.S. District Court Judge

**Exhibit B**



Not Reported in F.Supp.                                                                    Page 1
Not Reported in F.Supp., 1994 WL 564724 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.)**

**C**
Cabalic v. Owens-Corning Fiberglas Corp.
N.D.Cal.,1994.
Only the Westlaw citation is currently available.
United States District Court, N.D. California.
Tomas CABALIC, Plaintiff,
v.
OWENS-CORNING FIBERGLAS CORP., et al.,
Defendants.
**No. C 94-2571 EFL.**

Oct. 6, 1994.

*ORDER OF REMAND*
LYNCH, District Judge.

I. INTRODUCTION

*1 Plaintiff filed this suit in San Francisco Superior Court claiming injuries arising out of exposure to asbestos while working at the Subic Bay military base in the Philippines.     Several but not all defendants have timely joined in the removal of this case to this Court.     Plaintiff has brought a motion to remand the case to state court.

Several defendants oppose this motion to remand on various grounds.     Defendant Owens-Illinois argues that plaintiff has failed to comply with Fed.R.Civ.P. 5(d), and has thereby waived his right to challenge procedural defects in the removal procedure. Several defendants also argue that removal was proper under each of two independent grounds:    (1) that a federal question is present under 28 U.S.C. § 1331 and Article I, section 8, clause 17 of the U.S. Constitution and that removal is therefore proper under 28 U.S.C. § 1441 because this Court would have had original (either concurrent or exclusive) jurisdiction over the case under the doctrine of federal enclave jurisdiction, and (2) that removal is proper under 28 U.S.C. § 1442 because some defendants are being sued for injuries arising out of conduct they were directed to undertake by a federal officer.     The Court rejects all these arguments and for that reason will remand to state court.

Defendants have the burden of establishing that removal was proper.     *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir.1992).

II. REMOVAL UNDER 28 U.S.C. § 1441

A. *Jurisdiction*

The parties argue at great length over the continuing vitality of federal enclave jurisdiction and whether it is implicated in this case.     For purposes of defendants' § 1441 removal, this issue is irrelevant, since the defendants have not unanimously consented to removal of this case from state court to federal court.     Such unanimous consent is a procedural requirement under 28 U.S.C. § 1446 for federal question removal under § 1441.     *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 (9th Cir.1988);    *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232-33 (9th Cir.1986).     It is absolutely irrelevant to defendants' removal efforts whether the purported ground for removal is a federal question over which federal courts have exclusive [FN1] or merely concurrent jurisdiction.     28 U.S.C. § 1446 mentions nothing of waiving this procedural requirement in cases of purported "exclusive jurisdiction."     Case law interpreting the removal procedure statutes have likewise failed to acknowledge defendants' proposed distinction.     *See, e.g., Bradwell v. Silk Greenhouse*, 828 F.Supp. 940, 943-44 (M.D.Fla.1993) (remanding for lack of unanimous consent to removal, even though the ERISA claims invoked exclusive federal jurisdiction); *Samuel v. Langham*, 780 F.Supp. 424, 427 (N.D.Tex.1992) (remanding a case to state court even accepting ERISA preemption);    *see also McCain v. Cahoj*, 794 F.Supp. 1061 (D.Kan.1992) (remanding a case because of a procedural defect in the removal despite protestations of exclusive federal jurisdiction). Defendant Flintkote has cited *Santa Rosa Med. Center v. Converse of Puerto Rico, Inc.*, 706 F.Supp. 111, 113 n. 3 (D.P.R.1988) in which the court noted in dicta that "if federal jurisdiction were exclusive, the consent of all defendants would not be required to remove."     Flintkote also cited *Ackerman v. National Prop. Analysts*, Fed.Sec.L.Rep.P. 96,604 (S.D.N.Y.1992), in which the court held, without citation, that remand was not appropriate when the federal court has exclusive jurisdiction.     The Court is not persuaded by either of these cases.     Further, while Owens-Illinois argues that the Court should analogize to the derivative jurisdiction doctrine in this context, the Court sees no justification for that

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1994 WL 564724 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.)**

Page 2

argument.

### B. *Timeliness*

**\*2** Owens-Illinois argues that plaintiff's motion to remand should be stricken or deemed untimely because plaintiff failed to serve defendants until approximately one week after the motion to remand was filed with the Court.

The notice of removal in this case was filed on July 19, 1994.    Plaintiff filed with the Court his motion to remand on August 19, 1994, but did not serve defendants until August 26, 1994.    Owens-Illinois argues that Fed.R.Civ.P. 5(d) requires that service precede or be contemporaneous with filing with the Court, and that the motion should either be stricken or considered filed on the date of service.

Because 28 U.S.C. § 1447(c) provides for a thirty-day time period in which a motion for remand must be made, and because the time limit for making the motion is strictly enforced, *see, e.g., Barris v. Sulpico Lines, Inc.,* 932 F.2d 1540, 1544-45 (5th Cir.1991), defendant argues that the late service makes plaintiff's motion untimely.

Federal Rule of Civil Procedure 5(d) provides in relevant part:
All papers after the complaint required to be served upon a party, together with a certificate of service, shall be filed with the court within a reasonable time after service....

While this Rule implies that service on opposing parties should precede filing with the Court, it does not mandate that service precede filing, nor does it require the Court to disregard papers which are served late.    Moreover, the Rule does not require the Court to consider papers filed on the date which they are served.    While § 1447(c) requires the motion to remand to be made within thirty days, there is no requirement that the motion be served within the thirty day period.    Owens-Illinois has not cited any authority which would compel the Court to disregard a motion that was timely filed with the Court because it was served one week after it was filed, and the Court has been unable to locate any authority, either in the case law or in the learned treatises, that would mandate such action.    Though it does not condone late service, the Court will not read Fed.R.Civ.P. 5(d) so strictly and will not find that the motion to remand was untimely.[FN2]

Several defendants have clearly not timely consented to this removal.    Therefore, since defendants' defect in removing under § 1441 is of a procedural nature under § 1446, plaintiff's timely remand motion is granted.

### III. REMOVAL UNDER 28 U.S.C. § 1442

The requirements for removal under 28 U.S.C. § 1442 are set out in detail in this Court's Order in *Viala v. Owens-Corning Fiberglas Corp,* No. C-94-0399 EFL, dated April 13, 1994.

Several defendants, including Pittsburgh Corning and Foster Wheeler have argued in opposition to the motion for remand that they are entitled to removal under § 1442.    Defendant Owens-Illinois joins in that opposition.    As defendants note, the availability of § 1442 removal for even one defendant would result in the proper removal of the entire case to this Court.

**\*3** These defendants do not satisfy any of the three elements that are all required to support § 1442 removal.    No defendant can raise a colorable federal defense, nor can any defendant establish that it was acting under a federal officer.    Likewise, no defendant can establish a causal connection between the conduct undertaken at the direction of the federal officer and the basis for that defendant's state law liability.    *See Mesa v. California,* 489 U.S. 121 (1989); *Fung v. Abex Co.,* 816 F.Supp. 569 (N.D.Cal.1992), *Ryan v. Dow Chemical,* 781 F.Supp. 934 (E.D.N.Y.1992).

The "government contractor" defense is not colorable. No defendant has produced evidence that it presented specially designed products to the government under federal orders or specifications that directly conflicted with the state law duty upon which the defendants are now being sued.    *See In Re Hawaii Federal Asbestos Cases,* 960 F.2d 806 (9th Cir.1992). Most notably, no defendant produces any evidence whatsoever that the products it designed pursuant to government orders were different from those designed for civilian use in any manner pertinent to state law liability.

Pittsburgh Corning does not provide evidence that its products were uniquely designed for government use. There is simply no indication and no evidence that these products were made more dangerous than those on the open market simply because the government ordered them to be designed in a particular way.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                    Page 3
Not Reported in F.Supp., 1994 WL 564724 (N.D.Cal.)
(Cite as: Not Reported in F.Supp.)

*See Boyle v. United Technologies, Inc.*, 487 U.S. 500
(1988) (defendant entitled to defense where it altered
its design and manufactured outward opening hatches
pursuant to government orders and where it was
subsequently sued directly on the basis of its
outward-opening hatches).      The government did
not order any defendant, including Pittsburgh
Corning, to utilize asbestos in its products nor did it
order them to use the asbestos in such a way that
people would be dangerously exposed to asbestos
fibers.     Rather, the government specifications at
issue relate to performance requirements and not
design or manufacturing requirements.

Defendant Foster Wheeler argues that it is not an
asbestos manufacturer or distributor, and that the
Court should consider the fact that the government
approved its specifications for the boilers as a whole.
It argues that the Court should consider its products
to be the boilers and the ships on which the boilers
were placed, alleging that they were built to federal
specifications.     However, the relevant question is
whether the government had specifications which
required the use of asbestos (as opposed to some
other insulation), and not whether the government
had other specifications relating to the boilers.     *See
Lewis v. Babcock Indus., Inc.*, 985 F.2d 83, 86-87 (2d
Cir.1993).     Foster Wheeler has not come forward
with any evidence that the government required it to
use asbestos in its boilers.     Accordingly, it has not
made a colorable claim for the government contractor
defense.

*4 Because no defendant has made a colorable claim
for the government contractor defense, removal under
28 U.S.C. § 1442 is improper.


                    IV. CONCLUSION

Because the removal procedure was defective, *see* 28
U.S.C. § 1441, and because no defendant has raised
a colorable government contractor defense, *see* 28
U.S.C. § 1442, plaintiff's motion to remand is
GRANTED.     This case shall be REMANDED to
San Francisco Superior Court and all pending dates
in this Court shall be vacated.

IT IS SO ORDERED.


        FN1. Whether or not the state court has
        jurisdiction and whether or not it might be
        an inconvenient forum are issues for the
        state court, should defendants wish to bring

motions there raising such issues.     This
Court is simply holding that defendants'
removal based on § 1441 is procedurally
defective under § 1446 and that therefore
the removal must be rejected and plaintiff's
motion to remand must be granted.
Plaintiff has chosen the forum, state court,
for this case.     Defendants cannot remove
this case to federal court.     This does not
mean that they cannot raise whatever issues
they      deem      appropriate,      including
jurisdiction and venue, in state court.
This Court of course expresses no opinion
on the merits of any such state court motion.


        FN2. The Court notes that defendants were
        not prejudiced by the late service, since the
        motion was not heard until more than 28
        days after it was filed, and defendants had
        adequate opportunity to oppose the motion.
        *See* Local Rule 220-2, 220-3.     The Court
        further notes that plaintiff did file a
        certificate of service on or about August 26,
        1994.

N.D.Cal.,1994.
Cabalic v. Owens-Corning Fiberglas Corp.
Not Reported in F.Supp., 1994 WL 564724
(N.D.Cal.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Exhibit C**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| J. Bruce Jackson Esq., State Bar Number 173215<br>KELLER , FISHBACK & JACKSON LLP<br>28720 Roadside Drive, Suite 201<br>Agoura Hills, CA 91301<br>TELEPHONE NO.: 818-879-8033   FAX NO. *(Optional)*: 818-292-8891<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiffs | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco |
|---|
| STREET ADDRESS: 400 McAllister Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: San Francisco, CA 94102 |
| BRANCH NAME: Civic Center Courthouse |

| PLAINTIFF/PETITIONER: WRIGHT, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: A.W. Chesterton Company, Inc, et al. | CGC-07-244382 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents)*: Preliminary Fact Sheet; Notice to Plaintiff

3. a. Party served *(specify name of party as shown on documents served)*:
   LESLIE CONTROLS, INC

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

4. Address where the party was served:
   LESLIE CONTROLS, INC 12501 Telecom Drive Tampa, FL 33637

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:   (2) at *(time)*:
   b. ☐ **by substituted service.** On *(date)*:   at *(time)*:   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:   from *(city)*:   or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

| PLAINTIFF/PETITIONER: WRIGHT, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: A.W. Chesterton Company, Inc, et al. | CGC-07-244382 |

5.  c. [✓] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* September 20, 2007     (2) from *(city):* Agoura Hills, CA

    (3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) [✓] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. [ ] **by other means** *(specify means of service and authorizing code section):*

    [ ] Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a. [ ] as an individual defendant.
  b. [ ] as the person sued under the fictitious name of *(specify):*
  c. [ ] as occupant.
  d. [✓] On behalf of *(specify):* LESLIE CONTROLS, INC
    under the following Code of Civil Procedure section:

    [✓] 416.10 (corporation)     [ ] 415.95 (business organization, form unknown)
    [ ] 416.20 (defunct corporation)     [ ] 416.60 (minor)
    [ ] 416.30 (joint stock company/association)     [ ] 416.70 (ward or conservatee)
    [ ] 416.40 (association or partnership)     [✓] 416.90 (authorized person)
    [ ] 416.50 (public entity)     [ ] 415.46 (occupant)
    [ ] other:

7.  **Person who served papers**
  a. Name: Ryan M. Lee
  b. Address: 28720 Roadside Drive, Suite 201, Agoura Hills, CA 91301
  c. Telephone number: 818-879-8033
  d. **The fee** for service was: $ 39.00
  e. I am:

    (1) [ ] not a registered California process server.
    (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
    (3) [✓] a registered California process server:
      (i) [ ] owner [✓] employee [ ] independent contractor.
      (ii) Registration No.: 5624
      (iii) County: Los Angeles

8.  [✓] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 09-20-2007

Ryan M. Lee
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE )

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Leslie Controls Inc
12501 Telecom Dr.
TAMPA, FL 33637

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

☐ Agent
☐ Addressee

B. Received by (Printed Name)  PAULA SEMON

C. Date of Delivery  9/24/07

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered    ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
   (Transfer from service label)  7005 3110 0001 7960 8992

PS Form 3811, February 2004     Domestic Return Receipt     WRIGHT     102595-02-M-1540

**Exhibit D**

Westlaw.

Not Reported in F.Supp.2d                                                                Page 1
Not Reported in F.Supp.2d, 2002 WL 102608 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

**C**

Briefs and Other Related Documents
Schilz v. A.P. Green Industries,
Inc.N.D.Cal.,2002.Only the Westlaw
citation is currently available.
United States District Court, N.D.
California.
Barbara SCHILZ, Plaintiff,
v.
A.P. GREEN INDUSTRIES, INC., et. al.
Defendants.
**No. C01-4299 MMC.**

Jan. 15, 2002.

ORDER GRANTING MOTION TO
REMAND; DENYING REQUEST FOR
ATTORNEY'S FEES AND COSTS
CHESNEY, J.
**\*1** Before the Court is plaintiff's motion to
remand, filed December 17, 2001, pursuant
to 28 U.S.C. § 1447(c). Defendant United
States Steel (USS) filed opposition, to which
plaintiff replied.[FN1] Having considered the
papers filed in support of and in opposition
to the motion, the Court finds the matter
appropriate for decision on the papers,
VACATES the hearing scheduled for
January 18, 2002, and rules as follows.

> FN1. On January 11, 2002, USS
> moved to strike plaintiff's reply as
> untimely. In conjunction with the
> filing of her reply, plaintiff explained
> that the reply was filed late because
> "[t]he due-date for Plaintiff's Reply
> Brief was mistakenly
> mis-calendared." (See Robert Barrow
> Decl. ¶ 2.) Under the
> circumstances, USS's motion to
> strike is hereby DENIED. As an

alternative to striking plaintiff's reply,
USS requests leave to file a surreply.
Such request is DENIED, as USS
has failed to demonstrate how a
surreply would assist the Court in
adjudicating the instant motion.

Plaintiff filed the instant wrongful death
action in state court on June 2, 2000,
alleging that her husband's death was caused
by his exposure to **asbestos** on a Naval ship.
On November 16, 2001, defendant USS, the
alleged successor-in-interest to the
**manufacturer** of the ship, **removed** the
instant action.

In its **removal** notice, USS asserts that the
Court has jurisdiction pursuant to 28 U.S.C.
§ 1442(a)(1), which provides that an
action may be **removed** by "[a]ny officer of
the United States or any agency thereof, or
person acting under him, for any act under
color of such office." 28 U.S.C. §
1442(a)(1). In order for **removal** to be
proper under § 1442(a)(1), the **removing**
party must "(1) demonstrate that it acted
under the direction of a federal officer; (2)
raise a colorable federal defense to plaintiff's
claims; and (3) demonstrate a causal nexus
between plaintiff's claims and the acts
defendants performed under color of federal
office." Fung v. Abex Corporation, 816
F.Supp. 569, 571 (N.D.Cal.1992) (citing
Mesa v. California, 489 U.S. 121 (1989)).

Specifically, USS asserts that plaintiff's
claims are **removable** under the government
contractor's defense defined in Boyle v.
United Technologies Corp., 487 U.S. 500
(1988), as the ship in question was
constructed "pursuant to contract with the
Navy and under the authority of officers of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                        Page 2
Not Reported in F.Supp.2d, 2002 WL 102608 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

the United States or agencies thereof." (Notice of **Removal** ¶ 3.) This argument is not persuasive. In the instant action, plaintiff has limited her claim against USS to the failure to warn theory of liability; plaintiff is not pursuing a design defect claim against USS. (*See* Plaintiff's Waiver of Claim for Design Defect Product Liability, filed January 9, 2002.) The government contractor's defense on which USS relies "is inapplicable to a failure to warn claim in the absence of evidence that in making its decision whether to provide a warning ... [USS] was 'acting in compliance with 'reasonably precise specifications' imposed on [it] by the United States." ' *Butler v. Ingalls Shipbuilding, Inc.,* 89 F.3d 582, 586 (9 th Cir.1996). Here, USS has failed to submit evidence demonstrating that it was subject to any government specifications with respect to the placement of warnings on its products. Absent such showing, defendant may not rely on the government contractor's defense. *See id.* As defendant has failed to raise a colorable federal defense to plaintiff's claims, **removal** is not proper pursuant to **28 U.S.C. § 1442**(a)(1).[FN2] *See Mesa,* 489 U.S. at 124-25, 134-35.

> FN2. In light of this finding, the Court need not address whether defendant's **removal** was timely under **28 U.S.C. § 1446(b)**. Nor, under the facts presented, would the timing of the **removal** warrant an award of attorney's fees. *See infra.*

**\*2** Pursuant to **28 U.S.C. § 1447(c)**, plaintiff seeks to recover her attorney's fees and other expenses resulting from defendant's **removal** of the action to the district court. Under § 1447(c), "[a]n order remanding the case may require payment of

just costs and any actual expenses, including attorney fees, incurred as a result of the **removal**." **28 U.S.C. § 1447(c)**. The district court has "wide discretion" to award attorney's fees and costs under § 1447(c), even in the absence of a finding that defendant acted in bad faith. *See Moore v. Permanente Medical Group, Inc., 981 F.2d 443, 446-47 (1992).* In the instant action, at the time USS filed its notice of **removal**, plaintiff's claims against USS were not limited to a theory of liability based on failure to warn. Under such circumstances, the Court declines to exercise its discretion to award attorney's fees.

Accordingly, plaintiff's motion to remand is hereby GRANTED, and plaintiff's request for attorney's fees and costs is hereby DENIED.

This order closes Docket No. 5.

IT IS SO ORDERED.

N.D.Cal.,2002.
Schilz v. A.P. Green Industries, Inc.
Not Reported in F.Supp.2d, 2002 WL 102608 (N.D.Cal.)

Briefs and Other Related Documents (Back to top)

• 3:01cv04299 (Docket) (Nov. 16, 2001)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.