1 | Stephen M. Fishback (State Bar No. 191646)
2 | sfishback@kfjlegal.com
  | Daniel L. Keller (State Bar No. 191738)
3 | dkeller@kfjlegal.com
  | **KELLER, FISHBACK & JACKSON LLP**
4 | 28720 Roadside Drive, Suite 201
  | Agoura Hills, CA  91301
5 | Telephone:  818.879.8033
  | Facsimile:   818.292.8891
6 | Attorneys for Plaintiffs: Albert Wright, Jr. and
  | Marva Wright
7 |
8 |
  | **UNITED STATES DISTRICT COURT**
9 |
  | **NORTHERN DISTRICT OF CALIFORNIA**
10 |
11 |
12 | ALBERT WRIGHT, JR. AND MARVA JOE GREEN WRIGHT
   |                                          Case No.  C-07-5403(MJJ)
13 |      Plaintiffs,
   |                                          **PLAINTIFFS' EVIDENTIARY OBJECTIONS TO THE DECLARATION OF THOMAS MOSES, ESQ. SUBMITTED IN SUPPORT OF DEFENDANT FOSTER WHEELER LLC'S NOTICE OF REMOVAL**
14 | vs.
15 | A. W. CHESTERTON, COMPANY, et al.,
16 |      Defendants.
17 |
18 |                                          Date:  January 29, 2008
   |                                          Time: 9:30 a.m.
19 |                                          Judge: Hon. Martin J. Jenkins
   |                                          Courtroom: 11
20 |

___

## EVIDENTIARY OBJECTIONS TO DECLARATION OF THOMAS MOSES, ESQ.

| EVIDENCE PROFFERED | OBJECTIONS |
|---|---|
| **Paragraph 1:** I am an attorney at law duly licensed to practice before the United States District Court, Northern District, and a senior counsel with Brydon Hugo & Parker, counsel for defendant FOSTER WHEELER LLC ("Foster Wheeler") in this matter. If called upon by the court to do so, I would and could competently testify to the following matters that are in my personal knowledge except as to those matters stated on information and belief, and as to those matters, I believe them to be true. | **Fed. R. Evid. 402:** "Evidence which is not relevant is not admissible." Mr. Moses has no personal knowledge about Mr. Wright, the USS Constellation, the Navy's knowledge about the dangers of using Foster Wheeler's asbestos-containing boilers, Foster Wheeler's knowledge of the dangers of using its asbestos-containing boilers, whether Foster Wheeler could have warned about the dangers of using its asbestos-containing boilers, or whether Foster Wheeler manufactured its asbestos-containing boilers at the direction of a federal officer. As such, Mr. Moses' reference to the Government Purchase Order attached as exhibit B to his declaration is not relevant to plaintiffs' claims against Foster Wheeler in <u>this</u> action nor is it reasonably calculated to lead to the discovery of any admissible evidence. **Fed.R.Evid. 602**: "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding the witness has personal knowledge of the matter." Mr. Moses' statement lacks foundation because he has no personal knowledge regarding the USS Constellation, which he never references in his declaration, or plaintiff Albert Wright's work as a machinist and flange turner aboard the USS Constellation. Mr. Moses fails anywhere in his declaration to describe how he has personal knowledge of the Government Purchase Order attached to his declaration as exhibit B. Mr. Moses fails to establish any personal knowledge sufficient to offer testimony or documents about whether Foster Wheeler acted under the direction of a federal officer when constructing its asbestos-containing boilers and related equipment and failed to warn about the same. **Fed.R.Evid. 802:** Inadmissible hearsay for which there is no exception. Mr. Moses' attempt to introduce an exhibit without more is hearsay not within any exception. |

| | |
|---|---|
| **Paragraph 3:**<br>Attached hereto as Exhibit B is a true and correct copies of a Government Purchase Order. | **Fed. R. Evid. 402:** "Evidence which is not relevant is not admissible." Mr. Moses has no personal knowledge about Mr. Wright, the USS Constellation, the Navy's knowledge about the dangers of using Foster Wheeler's asbestos-containing boilers, Foster Wheeler's knowledge of the dangers of using its asbestos-containing boilers, whether Foster Wheeler could have warned about the dangers of using its asbestos-containing boilers, or whether Foster Wheeler manufactured its asbestos-containing boilers at the direction of a federal officer. As such, Mr. Moses' reference to the Government Purchase Order attached as exhibit B to his declaration is not relevant to plaintiffs' claims against Foster Wheeler in <u>this</u> action nor is it reasonably calculated to lead to the discovery of any admissible evidence.<br>**Fed.R.Evid. 602**: "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding the witness has personal knowledge of the matter." Mr. Moses' statement lacks foundation because he has no personal knowledge regarding the USS Constellation, which he never references in his declaration, or plaintiff Albert Wright's work as a machinist and flange turner aboard the USS Constellation. Mr. Moses fails anywhere in his declaration to describe how he has personal knowledge of the Government Purchase Order attached to his declaration as exhibit B. Mr. Moses fails to establish any personal knowledge sufficient to offer testimony or documents about whether Foster Wheeler acted under the direction of a federal officer when constructing its asbestos-containing boilers and related equipment and failed to warn about the same.<br>**Fed.R.Evid. 802:** Inadmissible hearsay for which there is no exception. Mr. Moses' attempt to introduce an exhibit without more is |

|  |  |
|---|---|
|  | hearsay not within any exception. |

1
2
3
4  DATED: December 26, 2007          **KELLER, FISHBACK & JACKSON LLP**
5
6
7                                    By: _____/s/_____
                                         Daniel Keller
8                                        Attorneys for Plaintiffs
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

___

PLAINTIFFS' EVIDENTIARY OBJECTIONS TO THE DECLARATION OF THOMAS MOSES, ESQ. SUBMITTED IN SUPPORT OF
DEFENDANT FOSTER WHEELER LLC'S NOTICE OF REMOVAL                                              PAGE 4