1  Stephen M. Fishback (State Bar No. 191646)
   sfishback@kfjlegal.com
2  Daniel L. Keller (State Bar No. 191738)
   dkeller@kfjlegal.com
3  **KELLER, FISHBACK & JACKSON LLP**
   28720 Roadside Drive, Suite 201
4  Agoura Hills, CA  91301
   Telephone:  818.879.8033
5  Facsimile:   818.292.8891
6  Attorneys for Plaintiffs: Albert Wright, Jr. and
   Marva Wright
7

8              **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**
10

11 ALBERT WRIGHT, JR. AND MARVA JOE
   GREEN WRIGHT                                  Case No.  C-07-5403(MJJ)
12
13         Plaintiffs,                            **PLAINTIFFS' OBJECTION TO LESLIE
                                                  CONTROLS, INC.'S PURPORTED
14 vs.                                            JOINDER IN FOSTER WHEELER LLC'S
                                                  OPPOSITION TO PLAINTIFFS' MOTION
15 A. W. CHESTERTON, COMPANY, et al.,             TO REMAND CASE TO STATE COURT**
16         Defendants.
17                                                Date:  January 29, 2008
18                                                Time: 9:30 a.m.
                                                  Judge: Hon. Martin J. Jenkins
19                                                Courtroom: 11
20

___

**PLAINTIFFS' OBJECTION TO LESLIE CONTROLS, INC.'S PURPORTED JOINDER IN FOSTER
WHEELER LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND CASE TO STATE COURT**

Defendant, Foster Wheeler, filed its notice of removal with this Court on October 23, 2007. Thereafter, plaintiffs filed a motion to remand the case to state court on November 20, 2007. The deadline for Foster Wheeler to file its opposition to plaintiffs' remand motion was December 14, 2007.

On that same day, defendant Leslie Controls, Inc. served on plaintiffs, *by mail*, a purported joinder in Foster Wheeler's opposition to plaintiffs' motion to remand. Strangely, plaintiffs also received notice on January 8, 2008 of Leslie Control's purported filing of the declarations of Richard F. Silloway and Mathew Wrobel in support of Foster Wheeler's opposition. Yet, no documents were attached to the ECF notice and they do not appear in the electronic docket.

Leslie Control's purported joinder is riddled with deficiencies and should not be considered. Accordingly, out of an abundance of caution, plaintiffs hereby object to Leslie Control's defective joinder as follows.

The deadline to file and serve any opposition to plaintiffs' remand motion was December 14, 2007. There is no evidence that Leslie Controls ever filed its purported joinder with the Court because no documents are available through ECF. Furthermore, Leslie Controls served its joinder by mail such that its joinder was not received by December 14, 2007 as required. Civil L.R. 7-3; Hon. Martin J. Jenkins, Standing Order, ¶ 8. Thus, its purported joinder, assuming that it was actually filed, is untimely.

The notice of removal at issue in this matter is based entirely on Foster Wheeler's asbestos-containing boilers aboard the USS Constellation. Nothing in Leslie Controls' papers addresses Foster Wheeler and instead addresses Leslie Controls only. Leslie Controls lacks standing to oppose remand based on Foster Wheeler alleged bases for removal. Furthermore, Leslie Control's time for filing its notice of removal on the grounds set forth in its joinder expired 30 days after it was served with the complaint in this action in September 2007. Therefore, any attempt to oppose remand based on Leslie Control's alleged basis for removal expired prior to the purported filing of its joinder in Foster Wheeler's opposition.

Furthermore, Leslie Controls can not now ask that Foster Wheeler's notice of removal somehow be amended or changed to reflect an additional basis for removal. A removal notice can not be amended or supplemented after the time for removal has expired. *See McGlasson v. Barger*,

1  220 F.Supp. 938 (D. Colo. 1963).  Thus, Leslie Controls, and Foster Wheeler for that matter, are
2  precluded from amending the subject removal notice to save Leslie Controls' purported joinder.
3        With regard to any evidence purportedly submitted by Leslie Controls in support of its
4  joinder, plaintiffs hereby object thereto on the grounds that it constitutes inadmissible hearsay,
5  lacks foundation, is irrelevant, and violates the secondary evidence rule and completeness
6  doctrine.  DATED: January 11, 2008          **KELLER, FISHBACK &**
7  **JACKSON LLP**

By:  _____/s/_____
      Daniel Keller
      Attorneys for Plaintiffs

---

**PLAINTIFFS' OBJECTION TO LESLIE CONTROLS, INC.'S PURPORTED JOINDER IN FOSTER WHEELER LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND CASE TO STATE COURT**